# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATINUM LOGISTICS,<br><br>         Plaintiff,<br> vs.<br><br>MAINFREIGHT and MELISSA YSAIS,<br><br>         Defendants. | CASE NO. 11-CV-1174-LAB-MDD<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE AND STAYING CASE** |

## I. Introduction

This is a dispute between two companies in the freight business. Platinum Logistics alleges that Melissa Ysais, a former sales manager, jumped ship to Mainfreight and took Platinum Logistics' customer lists and rate sheets with her, in violation of a binding nondisclosure and noncompete agreement. Platinum Logistics filed in federal court because one of its claims arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* The question now before the Court, raised by Defendants in their motion to dismiss, is whether Platinum Logistics has stated a CFAA claim. If it has not, there is no basis for the Court to retain jurisdiction of this case.

## II. Discussion

The CFAA is a criminal statute. It prohibits "a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information

- 1 -

to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009).  Those crimes include:

> • "intentionally access[ing] a computer without authorization or exceed[ing] authorized access, and thereby obtain[ing] . . . information from any protected computer." 18 U.S.C. § 1030(a)(2).
>
> • "knowingly and with intent to defraud, access[ing] a protected computer without authorization, or exceed[ing] authorized access, and by means of such conduct further[ing] the intended fraud and obtain[ing] anything of value . . . ." 18 U.S.C. § 1030(a)(4).
>
> • "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, caus[ing] damage and loss." 18 U.S.C. § 1030(a)(5)(C).

It is unclear to the Court which provision of CFAA Platinum Logistics believes Ysais has violated.  (Mainfreight is not accused of violating CFAA.)  In its complaint, under the heading "First Cause of Action," it cites 18 U.S.C. § 1030 as a whole, but in its particular allegations it cites only § 1030(a)(5)(C).  (*See* Compl. ¶ 22.)  Its opposition brief lends no clarification.  (Opp'n Br. at 2–4.)

This is a critical point.  Section 1030(a)(5)(C) only prohibits the access of a computer "without authorization," which the Ninth Circuit in *Brekka* interpreted to mean access "without any permission at all." *Brekka*, 581 F.3d at 1133.  It was quite clear:

> [W]e hold that a person uses a computer 'without authorization' under §§ 1030(a)(2) and (4) when the person has not received permission to use the computer for any purpose (such as when a hacker accesses someone's computer without any permission), or when the employer has rescinded permission to access the computer and the defendant uses the computer anyway.

*Id.* at 1135.  Other courts have interpreted the CFAA more broadly, but this interpretation still controls in the Ninth Circuit.  *See United States v. Zhang*, 2010 WL 4807098 at *2 (N.D. Cal. Nov. 19, 2010).  Because Platinum Logistics concedes that Ysais had full access, in the course of her employment, to its customer lists and rate sheets, it simply cannot claim that she used a computer "without authorization" and is liable under § 1030(a)(5)(C) of CFAA.  (*See* Compl. ¶¶ 10, 31.)

The analysis is more complicated if Platinum Logistics is also alleging that Ysais

- 2 -

violated §§ 1030(a)(2) or (a)(4) (or both), which cover not only access "without authorization" but also *exceeding* access that is authorized. Building on *Brekka*, the Ninth Circuit tackled the meaning of "exceeds authorized access" in §§ 1030(a)(2) and (a)(4) in *United States v. Nosal*, 642 F.3d 781 (9th Cir. 2011). It held that "an employee 'exceeds authorized access' under § 1030 when he or she violates the employer's computer access restrictions—including use restrictions." *Id*. at 785. It concluded:

> Today, we clarify that under the CFAA, an employee accesses a computer in excess of his or her authorization when that access violates the employer's access restrictions, which may include restrictions on the employee's use of the computer or of the information contained in that computer.

*Id.* at 789. Platinum Logistics alleges that Ysais signed a nondisclosure and noncompete agreement when she was hired (which it claims is attached to its complaint but which the Court has still not seen), and that this agreement restricted her use of confidential business information contained in the company's computer system. It further alleges that she took this information to a competitor that hired her and used it to Platinum Logistics' disadvantage. Following *Nosal*, Platinum Logistics may actually have stated a claim under §§ 1030(a)(2) or (a)(4). However, on October 27, 2011, after the Court took Defendants' motion to dismiss under submission, the Ninth Circuit decided to rehear *Nosal* en banc. 661 F.3d 1180. It's therefore unsettled in the Ninth Circuit exactly how the words "excess of authorization" are to be interpreted for the purpose of liability under CFAA. If Platinum Logistics is alleging that Ysais violated either §§ 1030(a)(2) or (a)(4) for exceeding authorized access, the Court cannot confidently rule on Defendants' motion to dismiss.

**III.   Conclusion**

Defendants' motion to dismiss is **GRANTED**, but without prejudice to Platinum Logistics. Platinum Logistics may have ten days from the date this Order is entered to file an amended complaint that alleges with greater specificity the subsection or subsections of 18 U.S.C. § 1030(a) that Ysais violated. (Really, this is the opportunity to add the allegation that Ysais violated §§ 1030(a)(2) and (a)(4).) If it fails to do so, this Court will assume Platinum Logistics alleges *only* a violation of § 1030(a)(5)(C), it will dismiss that claim with

prejudice, and it will dismiss this case for lack of subject matter jurisdiction. If an amended complaint is filed, the Court will stay this case pending an en banc opinion in *Nosal*. The Court reserves judgment, for now, on the other arguments raised by Defendants in their motion to dismiss.

**IT IS SO ORDERED**.

DATED: January 18, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge