# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATINUM LOGISTICS,<br><br>                    Plaintiff,<br>   vs.<br><br>MAINFREIGHT and MELISSA YSAIS,<br><br>                    Defendants. | CASE NO. 11-CV-1174-LAB-MDD<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

The Court previously granted Defendants' motion to dismiss without prejudice because of a problem with Platinum Logistics' claim against Ysais under the Computer Fraud and Abuse Act. The problem was that the complaint didn't effectively identify the actual sections of the CFAA that Ysais has allegedly violated. Section 1030(a)(5)(C) prohibits the access of a computer "without authorization," while sections 1030(a)(2) and (a)(4) prohibit both unauthorized access *and* exceeding access that is authorized. Citing the Ninth Circuit's decision in *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009), the Court explained that *if* Platinum Logistics has a CFAA claim against Ysais, it can't arise under section 1030(a)(5)(C): "Because Platinum Logistics concedes that Ysais had full access, in the course of her employment, to its customer lists and rate sheets, it simply cannot claim that she used a computer 'without authorization' and is liable under § 1030(a)(5)(C) of CFAA." (Dkt. No. 9 at 2.)

//

The Court gave Platinum Logistics leave to file an amended complaint that explicitly alleged violations of sections 1030(a)(2) and (a)(4). Claims under these provisions, the Court pointed out, could survive a motion to dismiss because *at the time* the Ninth Circuit had held that "an employee 'exceeds authorized access' under § 1030 when he or she violates the employer's computer access restrictions—including use restrictions." *United States v. Nosal*, 642 F.3d 781, 785 (9th Cir. 2011), *rev'd* 2012 WL 1176119 at *8 (9th Cir. Apr. 10, 2012) (en banc). If Platinum Logistics amended its complaint accordingly, the Court said it would stay the case pending the Ninth Circuit's rehearing of *Nosal* en banc. *See* 661 F.3d 1180 (9th Cir. 2011).

Curiously, Platinum Logistics filed an amended complaint, but without any modification to its CFAA claim against Ysais. Still, it alleges that Ysais "accessed Platinum's computer containing its customer lists and other confidential material . . . without authorization or in excess of the authorization granted" and it cites only section 1030(a)(5)(C), which only prohibits the access of a computer "without authorization." (*See* Compl. ¶ 21–22; FAC ¶ 23–24.) By again incorporating the language "in excess of the authorization granted" Platinum Logistics *implies* it is asserting a claim under sections 1030(a)(2) and (a)(4) of CFAA, but it fails to actually cite those sections. The Court is therefore inclined to do what it said it would do if Platinum Logistics failed to adequately incorporate sections 1030(a)(2) and (a)()4 into its amended complaint: dismiss its claim under section 1030(a)(5)(C) *with* prejudice and then dismiss this case for lack of subject matter jurisdiction.

Even if Platinum Logistics had incorporated sections 1030(a)(2) and (a)(4) into its amended complaint, however, those claims would also fail as a matter of law. Why? Because the Ninth Circuit recently issued its en banc ruling in *Nosal*, and it held that the phrase "exceeds authorized access" in the CFAA "is limited to violations of restrictions on *access* to information, and not restrictions on its *use*." *Nosal*, 2012 WL 1176119 at *8. Platinum Logistics doesn't maintain that Ysais had restricted access to its customer lists and rate sheets. (FAC ¶ 10 ("On or around June 23, 2006, Platinum offered Defendant Ysais a

position at Platinum as a sales manager, which gave her access to Platinum's customer lists and rate sheets.").) It just maintains that she copied them when she left Platinum Logistics to work for a competitor, and has been using them, in violation of a nondisclosure agreement that she signed, to attract business for that competitor. (FAC ¶¶ 15–18.) *Nosal* now makes clear that this does not give rise to a claim under CFAA. Platinum Logistics' CFAA claim against Ysais is therefore **DISMISSED WITH PREJUDICE**.

With the CFAA claim out of the picture, only Platinum Logistics' state law claims remain. The Court is well within its discretion to dismiss a case for lack of jurisdiction when all federal claims have been dismissed and only state law claims over which it has supplemental jurisdiction remain. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Noyes v. Kelly Svcs.*, 488 F.3d 1163, 1173 (9th Cir. 2007); *Acri v. Varian*, 114 F.3d 999, 1000 (9th Cir. 1997); 28 U.S.C. § 1367(c). It exercise that discretion here. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

DATED: April 16, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge